962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Henry F. WARDEN, Jr., Defendant-Appellant.
 No. 91-5518.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1992
Decided: May 13, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-84-31, CA-89-382-G)
 Before SPROUSE, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and SIMONS, Senior United States District Judge for the District of South Carolina, sitting by designation.
 Louis Carr Allen, III, Floyd, Allen & Jacobs, Greensboro, North Carolina, for Appellant.
 Benjamin Harvey White, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Senior Litigation Counsel, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED
 PER CURIAM:
 
 
 1
 In 1984, Henry F. Warden and six other persons were charged in an indictment alleging inter alia a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and possession of controlled substances with intent to distribute them in violation of 21 U.S.C. § 841(a)(1). Warden was arraigned and pled not guilty. After approximately one week of trial, Warden's attorney informed Warden that the trial judge had asked the attorney why Warden was not pleading guilty. The judge allegedly indicated to the lawyer that if Warden's verdict was guilty, the judge would sentence him as though he was a leader of the conspiracy. At least in part because of receiving this information, Warden subsequently pled guilty to seven counts of the twenty-two count indictment.
 
 
 2
 At the time he made his plea, Warden believed that he would have to serve only 40-52 months, that is, one third of what he expected would be a 12-15 year sentence. This belief was based upon the parole guidelines range that appeared in his presentence report. Shortly before sentencing, however, the parole range was adjusted upward to 100 months or more by the Parole Commission. Warden was not informed of this change prior to his sentencing. At the sentencing, a twelve year sentence was imposed.
 
 
 3
 On May 31, 1989, Warden collaterally attacked his sentence under the federal habeas corpus statute, 28 U.S.C. § 2255. As grounds for the petition, he noted first that the sentencing judge was misinformed about the newly applicable parole range and therefore the judge based his sentence on incorrect information[1]; second, that Warden's guilty plea was taken in violation of Rule 11, Fed. R. Crim. Proc., and third, that because Warden was misinformed concerning the applicable parole guideline range, Warden's guilty plea was not given with knowledge of its possible consequences.
 
 
 4
 Warden's petition was heard by a United States magistrate judge who issued a report to the presiding district judge. (See Joint App. at 84, 203). The magistrate judge agreed with Warden that the guilty plea was improperly induced by the news Warden had received from his lawyer regarding the trial judge's alleged comment about Warden's sentence. See Marchibroda v. United States, 368 U.S. 487, 493 (1962). However, the magistrate judge considered the first basis for collateral attack to have been mooted by his decision with respect to the second, and ruled that the third ground for attack did not as a matter of law entitle Warden to any relief.
 
 
 5
 The magistrate judge commented in his report that properly Warden should be granted a new trial. However, he indicated that Warden had not contested his guilt, and had requested as his sole remedy a resentencing pursuant to the original plea agreement. The magistrate judge therefore recommended that the original sentence be vacated, that the plea agreement remain binding, and that a hearing on resentencing be scheduled. He explained in the report that such a remedy would forfeit any further challenge to Warden's guilty plea, and added that Warden could be sentenced to a longer or shorter term of imprisonment than his original sentence. Finally, the report stated that "[i]f either party objects to this remedy, additional briefing will be accepted by the Court on this particular issue during the normal time set for filing objections to this Findings and Recommendation." (Joint App. at 215).
 
 
 6
 Warden timely filed written objections to the magistrate judge's report. (Id. at 217). The objections explained that Warden wished more emphasis placed upon his first ground for collateral attack: the sentencing court had relied on materially false information at sentencing, thus denying Warden due process. The objection again stated that Warden did not contest his guilt, but that a resentencing based on the involuntary plea alone might give the court no reason to alter the original sentence. Warden did not object to the sentencing as an inappropriate remedy. The report was adopted over Warden's objection without change by the district court, and Warden was scheduled for resentencing. Warden was resentenced to a term identical to the original sentence, with the exception that a fine imposed upon him was dropped.
 
 
 7
 Warden now appeals to this court on the ground that he should have been granted a new trial when his guilty plea was found not to have been voluntarily given.
 
 
 8
 We are of the opinion that the relief sought may not be granted. This court held in United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984), that the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), cannot be interpreted to permit a party to ignore its right to file objections with the district court without imperiling his right to raise the objections on appeal to the circuit court. That case controls this decision. Warden did not object to the proposed remedy of a new sentencing. Warden and his counsel were both fully apprised by the magistrate judge's report that any objections to the proposed remedy should be filed with the district court. Warden knew he had a valid objection to a magistrate's report,[2] but he deliberately refused to raise it for strategic reasons. He made it quite clear that his only interest was in a resentencing, not a new trial.
 
 
 9
 As we noted in Schronce, if we were to accept on appeal objections to magistrate's reports not raised at the district court level, litigants would have no incentive to make objections in the district court. 727 F.2d at 94. What is worse, this case reveals the disincentive a litigant might have to make a meritorious objection at the district court level if he could raise it for the first time in the circuit court. If we do not deny this appeal, Warden will have two bites at the proverbial apple: an opportunity to receive a new sentence, and an opportunity for a new trial if the sentence did not please him. Such a result would be inefficent, and might set a precedent for future attempts by defendants to manipulate the system to reproduce those benefits.
 
 
 10
 Schronce was correctly decided, and the policy considerations supporting it apply strongly in this case.
 
 AFFIRMED
 
 
 [1]
 Warden thought that the sentencing judge would focus primarily on the amount of time Warden would actually serve in determining Warden's sentence. Therefore, Warden believed that the judge would issue a shorter sentence if he knew that parole would be unavailable for a longer period of time because the net result in terms of imprisonment would be roughly the same
 
 
 [2]
 The merits of Warden's appeal have considerable appeal. It appears to the court that prior to the resentencing, Warden's guilty plea should have been taken again